THE NORWICH AND WORCESTER RAILROAD COMPANY *vs.* THE TOWN OF KILLINGLY.

The charter of a railroad company provided that where any highway was so located that the railroad could not be judiciously laid out without interfering therewith, the company might, with the consent of the commissioners, cause the highway to be so altered that the railroad might be made on the best site of ground for that purpose; also that the company should maintain all bridges which they should construct for the purpose of conducting any highway over the road. The company, having made their road through a deep cut in a ridge, across the line of a highway which traversed the ridge, for the purpose of avoiding the expense of constructing a bridge for the highway, changed the location of the same, with the consent of the commissioners, to a place where it could cross the railroad at the grade. Held, that the charter did not authorize such change of location, as the object of it was wholly to save the expense of a bridge, and not to make a more judicious location of the railroad; and that the portion of the old highway between the points of junction with the new location, was not thereby discontinued.

Norwich and Worcester Railroad Co. *v.* Town of Killingly.

THIS was a writ of error, brought to obtain a reversal of a decree of the superior court, made upon a petition of the town of Killingly against the Norwich and Worcester railroad company.

The petition alleged that by the fourteenth section of the charter of the railroad company, granted in 1832, it is provided that the company shall maintain in good repair all bridges, with the abutments and embankments, which they may construct for the purpose of conducting a highway over their railroad; that in constructing their railroad through the town of Killingly, it became necessary to construct the same across a certain public highway, located upon and along a high ridge of land, so that in constructing the railroad it was necessary to make a deep cut through the ridge, and also to construct and maintain a bridge across the cut, for the purpose of conducting the highway over the railroad, as by the terms of their charter the company were obliged to do; that to avoid the expense of building and maintaining the bridge, embankments and abutments, the company, claiming to act under the twelfth section of their charter,* did, by their engineer, change the location of the highway (so far as their acts in the premises would change the same) for a short distance around the cut, so that the highway crossed the railroad at the grade; that the highway, so changed, had been used by the public until the time of bringing the suit; and that the county court, in 1854, upon a petition duly brought, changed the road (so far as their action

---

* The sections in the charter, referred to in the petition, are the following:

" Section 12. That in all-cases where any road or public highway is so located that said railroad can not be judiciously laid out and made without interfering therewith, in such case or cases, such corporation may, by their engineer, cause such road or roads to be so changed or altered, as that said railroad may be made on the best site of ground for the purpose. Provided, that when the location of any road or highway is altered, the consent of the commissioners be first had to the said alteration," &c.

" Section 14. That said railroad company shall constantly maintain, in good repair, all bridges, with their abutments and embankments, which they may construct for the purpose of conducting their railroad over any canal, turnpike, or other highway, or any private way, or for conducting such private way, turnpike or other highway over said railroad."

could change the same) back to its original location. The plaintiffs below further alleged that the railroad company had no right, by virtue of their charter, to change the highway from its original location, in the manner stated, and that justice, equity and law required the company to build and maintain the bridge, with its embankments and abutments, which they had neglected and refused to do ; and prayed for a decree, that the company should construct and maintain the bridge, with its abutments and embankments.

The suit was brought by the petitioners, under the provisions of a resolution passed by the general assembly in 1855, authorizing the superior court to hear the parties, and make such decree with regard to the erecting and maintaining of the bridge in question, as the rights of the parties growing out of the charter of the railroad company might require.

The cause came on for trial before the superior court for Windham county, at the January term, 1856, when the defendants below failed to appear. That court found the allegations in the petition to be true, and made a decree in conformity with the prayer thereof.

*Wait* and *E. Perkins*, for plaintiffs in error.

1. The railroad company found it necessary, in the construction of their road, to change the location of the highway in question, and to that end, by their engineer, first having procured the consent of the commissioners to the change, constructed the highway now existing across their railroad, all in strict accordance with the provisions of their charter. Charter N. & W. R. R. Co., sec. 12.

2. The decree of the county court of Windham county, in 1854, was nothing more than the laying out of a new highway, the old one having been by due process of law discontinued.

3. There is nothing in the charter of this railroad company, or in the general laws of the state, which imposes upon this corporation the duty of constructing bridges over their road, whenever the selectmen of a town, or the county court, may lay out a highway across it.

*A. A. Burnham,* for defendants in error.

The petition alleges, with sufficient certainty, all that is necessary to lay the foundation for a decree in favor of the petitioners. If there was anything of fact, or any provision in the charter of the railroad company, which the respondents wished to avail themselves of, by way of defense, it was for them to have set it forth in their answer.

The allegations in the petition being sufficient, and having been found true by the court, the decree can not be reversed on a writ of error.

If the question is open for the consideration of this court, then we say, that the railroad company had no authority to make the alteration in the highway which they attempted. The change had no reference to a judicious location of the railroad, but wholly to the saving of the expense of the bridge. This the charter does not authorize : the approval of the commissioners can make no difference, as they were acting out of their jurisdiction. Having no right to make the alteration, the old highway is not discontinued, and the duty to make the bridge still attaches to the company.

WAITE, C. J.   It is claimed by the plaintiffs in error, that the superior court had no power to make the order and decree of which they complain; that they were authorized by their charter to alter and change highways that interfered with the location of their road, and having altered the highway in question, in the manner prescribed by the legislature, the road along the ridge became discontinued, and the company absolved from the duty of making a bridge over their railroad ; and that, although the county court subsequently laid out a highway where the old one was, their charter does not require them to build bridges on highways laid out after the railroad was completed.

It is undoubtedly true that the obligation imposed upon the company to make and maintain bridges on public highways, applies only to such highways as were in existence when the railroad was built, and not to such as might thereafter be laid out, either by the county court or towns; yet if

the old highway upon the ridge has never been legally discontinued, but still continues a public highway, as it was before the railroad was built, then the obligation upon the company to build a bridge across the cut which they have made, still remains.

The power, conferred upon the company by the charter, of changing and altering highways, is not unlimited, giving them the right at their pleasure to alter any and all highways interfering with the location of their railroad, however inconvenient such alterations might be to the public, and expensive to the towns in which the highways are situated; especially as the charter does not require any notice to be given, either to the town or the public, that they may have an opportunity of being heard upon the legality and propriety of the change.

The charter provides that when a public highway is so located that the railroad can not be judiciously laid out without interfering with the highway, the corporation may cause the highway to be altered. The power of making the alteration can, therefore, be exercised only when it becomes necessary for the judicious location of the railroad.

It is obvious that cases may arise where the exercise of this power becomes indispensable; as where a railroad can not be judiciously laid out except upon and along a portion of a highway; then, as both roads can not have the same location, an alteration of the highway becomes necessary.

But the company have no power to make such alteration, merely for the purpose of avoiding the expense of making bridges, embankments and abutments, and thereby throw an additional burden upon the town where the road is situated.

In this case, the town, claiming that the railroad company had not legally discontinued the old highway, nor exonerated themselves from their liability to build the bridge rendered necessary by their acts, applied to the legislature for relief. That body, having doubts whether any judicial court had power to grant the relief, passed a resolution authorizing the town to prefer their petition to the superior court, setting forth the facts upon which they relied, and giving the usual

notice to the company; and further authorizing that court to hear the same, and make such order and decree upon the parties, as to the building and maintaining the bridge, with its embankments and abutments, as the rights of the parties growing out of the charter of the company required.

In pursuance of this resolution, the town of Killingly, upon which the expense of building the bridge devolved, unless the company were liable therefor, preferred their petition to the superior court, alleging that the company, for the purpose of avoiding the expense of building and maintaining the bridge, embankments and abutments, changed the location of the highway; and that they had no right or authority by virtue of any provision in their charter, to make such change; and that the law required them to build and maintain the bridge, embankments and abutments.

The cause came on for hearing before the court, and the court found these allegations to be true, and thereupon made the order and decree of which the company now complain. It is not for this court, upon a writ of error, to review that finding. The power to make it was conferred upon the superior court, and it was for that tribunal to say, upon the evidence, whether the case was one in which the company could legally make the alteration which they attempted.

The facts being as thus found, we see no objection to the decree, and of course no error.

In this opinion the other judges, STORRS and HINMAN, concurred.

Judgment affirmed.